NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL PEREZ,<br><br>         Plaintiff,<br>v.<br><br>J. CROWN, et al.,<br><br>         Defendants. | Civil Action No.: 13-1767 (JLL)<br><br>**ORDER** |

  **THIS MATTER** comes before the Court by way of Plaintiff's motion for default judgment [Docket Entry No. 22] and it appearing that:

1. This is a wage and hour case brought under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Plaintiff's Complaint, which was filed on March 21, 2013, asserts two claims: (1) unpaid overtime under the FLSA, and (2) unpaid overtime under the NJWHL.

2. Among the Defendants to this action is an individual by the name of John Mark.

3. Plaintiff now moves, without opposition, for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

4. The Court has carefully reviewed Plaintiff's motion and finds same to be deficient. To enter a default judgment, the Court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint, but not necessarily the allegations related to damages. *See, e.g., Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535–36 (D.N.J. 2008). Once a cause of action has been established, "district courts

must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). As a general matter, even when a party is properly in default, the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court. *See, e.g., Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

5. To determine whether Plaintiff has stated an overtime claim as against Defendant John Mark, the Court must look to both statutes at issue, the FLSA and the NJWHL, as well as the relevant caselaw interpreting said statutes. Plaintiff has failed to submit a legal brief demonstrating that he has stated an overtime claim as against Defendant John Mark under either the FLSA or the NJWHL, nor has Plaintiff submitted a statement indicating that no brief is necessary and the reasons why. This violates Local Civil Rule 7.1(d)(1) which provides that "no application will be heard unless the moving papers and a brief . . . and proof or acknowledgement of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion day." Plaintiff's motion also fails to include an appropriate proposed form of Order, which is also required by Local Civil Rule 7.1, subsection (e) ("All filed motions shall have annexed thereto a proposed order.").

6. Rather than filing a brief addressing the appropriate legal standards under the FLSA, the NJWHL and/or Federal Rule of Civil Procedure 55, Plaintiff states in a conclusory fashion that "when a party against whom a judgment for affirmative relief is sought has failed to

2

plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the Court shall enter final judgment against the defaulting parties." As stated above, this is not the appropriate standard in this Circuit. *See, e.g., Kelly M. v. Luzerne Intermediate Unit,* 71 Fed. Appx. 116, 118 (3d Cir. 2003) ("A District Court must make explicit findings concerning the factors it considered in rendering the default judgment.") (citing *Emcasco*, 834 F. 2d at 74); *Hritz,* 732 F.2d at 1180.

7. Having failed to convince the Court that entry of default judgment is warranted as to Defendant John Mark at this time, Plaintiff's motion is denied *without* prejudice to the refiling of same in a manner than complies with the directives contained herein, as well all applicable Local Civil and Federal Rules of Civil Procedure.

Accordingly**, IT IS** on this **7th day of January 2014,**

**ORDERED** that Plaintiff's motion for default judgment as to Defendant John Mark [Docket Entry No. 22] is **denied without prejudice**.

**IT IS SO ORDERED.**

s/ Jose L. Linares  
Jose L. Linares  
United States District Judge